Mark CRICHLOW, Plaintiff–Appellant,

v.

**KINGSBROOK JEWISH MEDICAL CENTER, Defendant–Appellee.**

**Docket No. 98–9593.**

United States Court of Appeals, Second Circuit.

May 14, 2002.

Mark Crichlow pro se, Jamaica, NY, for Appellant.

Steven B. Prystowsky, Lester Schwab Katz & Dwyer, N.Y., NY, for Appellee.

Present FEINBERG, KEARSE and CARDAMONE, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by plaintiff *pro se* and by counsel for defendant.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Mark Crichlow appeals from a judgment of the United States District Court for the Eastern District of New York, Frederic Block, *Judge,* dismissing his complaint following a jury verdict against him on his claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On appeal, Crichlow does not suggest that there was any error in the conduct of the trial, but rather contends that the district court erred in failing to rule on, and to grant, his pretrial motion for summary judgment. Finding no merit in his contentions, we affirm.

Although in addressing the parties' respective pretrial motions for summary judgment the district court did not expressly state that it was denying Crichlow's motion, the court implicitly denied that motion when it stated that there were genuine issues of material fact to be tried and when it scheduled trial. There was no failure to rule. Nor was the court's decision incorrect, for the record did not permit the conclusion that Crichlow was entitled to judgment as a matter of law.

Crichlow's contention that he is entitled to judgment because the district court ruled that he had adduced sufficient evidence to make out a prima facie case is mistaken. Regardless of the initial presumptions created by the presentation of a prima facie case, " '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' " *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (quoting *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)); *see also St. Mary's Honor Center v. Hicks,* 509 U.S. at 511, 113 S.Ct. 2742 ("[A] presumption does not shift the burden of proof[;] ... the Title VII plaintiff at all times bears the ultimate burden of persuasion." (internal quotation marks omitted)). In this case, the trier of fact, the jury, found against Crichlow. We see no basis for reversal.

We have considered all of Crichlow's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.